Opinion issued June 3,
2010



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00547-CV 

———————————

Harris
County Appraisal District and
Harris County Appraisal Review Board, Appellants

V.

JAMES M. WILKINSON AND STEPHANIE S. WILKINSON,
Appellees



 



 

On Appeal from the 80th District
Court

Harris County, Texas



Trial Court Case No. 2006-74675

 



 

 

O P I N I O N

          This is a suit for judicial review of the denial of a
homestead exemption on a mobile home.  See Tex.
Tax Code Ann. § 42.21 (Vernon 2008). 
After a bench trial, the district court found that appellees James M.
Wilkinson and Stephanie S. Wilkinson were entitled to a homestead exemption and
ordered the Harris County Appraisal District and the Harris County Appraisal
Review Board to grant the exemption.

The District and Board bring two issues on appeal.  They contend that the trial court erred in
its conclusion that the mobile home was the Wilkinsons’ principal residence.  If the district court’s ruling is sustained in
that regard, they further argue that the homestead exemption is
unconstitutional as applied.

We reverse the judgment of the trial court.  We conclude that only an owner’s main or
primary residence can be his “principal residence” eligible for the
residential-homestead exemption under Tax Code section 11.13(j). 

Background

          The underlying facts of this dispute
are essentially undisputed.  In 1995 the
Wilkinsons purchased property in Montgomery County, and in 1998 they moved into
a house on that property.  From 1999 to
2003 they had a residential-homestead exemption on that home.

          The Wilkinsons also own a storage
facility in Spring.  In 1998, Mr. Wilkinson
purchased a mobile home and placed it at the storage facility.  The mobile home had residential electric
service, and the Wilkinsons’ son lived in it from time to time until 2003.

In 2002, Ms. Wilkinson walked into a burglary in progress at the
Montgomery County home, and she became afraid to stay at that house.  In December 2003 the Wilkinsons bought a 4,500-square-foot
house in Tomball, but it was not ready for occupancy.  Meanwhile, also in December 2003, the
Wilkinsons moved into the mobile home, which had approximately 1,000 square
feet of living space.

The Wilkinsons lived in the mobile home for approximately two
months.  Mr. Wilkinson testified
with respect to the mobile home: “I would live there, eat there, sleep
there.  I had friends over, I had parties
there.  It was my home.”  The Wilkinsons continued to obtain
residential electric service at the mobile home.  Mr. Wilkinson’s driver’s license
reflected the address of the storage facility. 
A bank statement was also received at that address.  The Wilkinsons hosted a New Year’s Eve party
at the mobile home.  During this time
period, they planned to move into the Tomball house when it was ready.

At the end of January 2004, the Wilkinsons moved out of the mobile home
and into the Tomball house.  The
following March, they applied for a residential-homestead exemption on the
mobile-home property.  The District
canceled the exemption on the basis that the Wilkinsons “did not occupy the
property as [their] primary residence on January 1 of [2004].”

Based on the foregoing evidence, along with other evidence presented at
trial, the trial court entered findings of fact, which we quote below:

·       
Plaintiffs
purchased the [Spring] Property and owned it as of January 1, 2004. 



·       
Plaintiffs
established that:       
(1) they moved to the [Spring] Property in December 2003;   
(2) they hosted social events at the [Spring] Property during December
2003 and January 2004;      
(3) they utilized residential electric service at the [Spring] Property
during December 2003 and January 2004;   
(4) James Wilkinson’s Texas Driver License . . . listed the [Spring]
Property as his residence address during December 2003 and January 2004; 
(5) they received bank statements directed to the [Spring] Property as
their residence during December 2003 and January 2004;     
(6) they moved from the [Spring] Property in late January 2004 and began
occupying [the Tomball house].        



·       
Plaintiffs
established that:       
(1) they claimed a residence homestead exemption for [the Montgomery
County house] for the years 1999–2003;      
(2) they dropped their residence homestead exemption for [the Montgomery
County house] effective with the tax year beginning January 2004;           
(3) they did not receive the benefit of a residence homestead exemption
for 2004 in connection with [the Montgomery County house].        



·       
The Plaintiffs
had a residence homestead exemption in Montgomery County from 1999–2003.  The Montgomery County Appraisal District did
not remove that exemption from its records until 2006.      



·       
The Plaintiffs
sold their home in Montgomery County in March of 2004.           



·       
The property located
at [the Spring property] consisted of a storage facility and a mobile home.        



·       
The Plaintiffs
purchased their home in Harris County at . . . Tomball, Texas . . . in December
2003.   

The district court also made three conclusions of law: (1) the Wilkinsons
occupied the mobile home as their principal residence on January 1, 2004; (2)
the Wilkinsons claimed no residential homestead for any property other than the
mobile home for 2004; and (3) Texas law entitled the Wilkinsons to a
residential-homestead exemption for the mobile home in 2004.  Accordingly, the trial court ordered the
District and Board to grant the Wilkinsons a residence homestead exemption for
their mobile home for 2004.  The District
and Board appeal from this judgment.

Analysis

          In their first issue, the District and
Board claim the Wilkinsons were not entitled to a residential-homestead
exemption under Tax Code section 11.13(j), which provides, in part: 

For
purposes of this section:

          (1) “Residence homestead” means a
structure (including a mobile home) or a separately secured and occupied
portion of a structure (together with the land, not to exceed 20 acres, and
improvements used in the residential occupancy of the structure, if the
structure and the land and improvements have identical ownership) that:

                   (A) is owned by one or more
individuals, either directly or through a beneficial interest in a qualifying
trust;

                   (B) is designed or adapted
for human residence;

                   (C) is used as a residence;
and

                   (D) is occupied as his
principal residence by an owner or, for property owned through a beneficial
interest in a qualifying trust, by a trustor of the trust who qualifies for the
exemption.

 

Tex. Tax Code Ann. § 11.13(j)(1) (Vernon 2008).  The
District and Board specifically focus on section 11.13(j)(1)(D), which requires
the owner seeking the exemption to occupy the property as his principal
residence.  They contend that the
evidence at trial was insufficient to support the trial court’s conclusion that
the Wilkinsons occupied the mobile home as their principal residence on January
1, 2004.

1.     Standard of review

In an appeal from a bench trial, a trial court’s conclusions of law are
reviewed de novo as legal questions.  See, e.g., Potcinske v. McDonald Prop. Invs., Ltd., 245 S.W.3d 526, 529 (Tex.
App.—Houston [1st Dist.] 2007, no pet.). 
This standard of review applies to a trial court’s interpretation of a
statute.  E.g., City of Rockwall v.
Hughes, 246 S.W.3d 621, 625 (Tex. 2008). 
We give no deference to the trial court’s resolution of a question of
law.  E.g.,
State v. Heal, 917 S.W.2d 6, 9 (Tex.
1996).  Instead, we review the trial
court’s fact findings and exercise our own judgment to draw legal
conclusions.  E.g., Potcinske, 245
S.W.3d at 529; Houston Bellaire, Ltd. v.
TCP LB Portfolio I, L.P., 981 S.W.2d 916, 919 (Tex. App.—Houston [1st Dist.]
1998, no pet.).

2.     Statutory analysis

To qualify for a homestead exemption, the Wilkinsons had to demonstrate
that the mobile home was occupied as their “principal residence.”  Tex.
Tax Code Ann. § 11.13(j)(1)(D) (Vernon 2008).  The Tax Code does not define “principal
residence.”

When construing a statute our primary objective is to determine and give
effect to the intent of the Legislature. 
E.g., City of Dallas v. Abbott, 304 S.W.3d 380, 384 (Tex. 2010); Hernandez v. Ebrom, 289 S.W.3d 316, 318
(Tex. 2009).  That intent is discerned
from the actual language used by the Legislature.  E.g.,
Hernandez, 289 S.W.3d at 318.  When the legislature has not defined a term
or phrase, we give it its ordinary or common meaning.  E.g.,
City of Rockwall, 246 S.W.3d at 625; see also Tex. Gov’t Code Ann. § 311.011(a) (Vernon 2005).

In the particular context of this provision of the Tax Code, we note also
that “exemptions from taxation are not favored by the law and will not be
favorably construed.”  N. Alamo Water Supply Corp. v. Willacy
County Appraisal Dist., 804 S.W.2d 894, 899 (Tex. 1991); see also River Oaks Garden Club v. City of
Houston, 370 S.W.2d 851, 854 (Tex. 1963). 
“Statutory exemptions from taxation are subject to strict construction
because they undermine equality and uniformity by placing a greater burden on
some taxpaying businesses and individuals rather than placing the burden on all
taxpayers equally.”  N. Alamo Water Supply, 804 S.W.2d at 899 (citing Bullock v. Nat’l Bancshares Corp., 584
S.W.2d 268, 271–72 (Tex. 1979), and Hilltop
Village, Inc. v. Kerrville Indep. Sch. Dist., 426 S.W.2d 943, 948 (Tex.
1968)).

The question in this case is not whether the Wilkinsons’ mobile home was
a residence, but whether it was their principal one.  The common meaning of “principal” is “most
important, consequential, or influential: relegating comparable matters, items,
or individuals to secondary rank.”  Webster’s Third International Dictionary 1802
(Philip B. Gove ed., 1961); see also Black’s Law Dictionary 1312 (9th ed.
2009) (defining “principal” as “[c]hief; primary; most important”).  The ordinary or common meaning of “principal
residence” in the context of the definition of “residential homestead” under Tax
Code section 11.13(j) is the owner’s main or primary residence.  Accord
Op. Tex. Att’y Gen. No. JC-0415 (2001) (construing “principal residence” as
used in § 11.13(j)(1)(D) as “the owner’s primary or chief residence that the
owner actually occupies on a regular basis”).

3.     Application

          Applying this statutory standard, the
facts found by the district court do not support a legal conclusion that the
mobile home ever was the Wilkinsons’ main or primary residence.  Indeed, they support the opposite
conclusion.  When the Wilkinsons moved
into the mobile home in December 2003, they had just purchased a
4,500-square-foot home in Tomball.  They
were waiting for work to be completed on that house before they moved into it. These
facts demonstrate that the Wilkinsons moved into the mobile home intending for it
to be a temporary residence.  Accordingly,
the evidence presented to and the facts found by the district court do not
support the legal conclusion that the mobile home ever was the Wilkinson’s “principal
residence” in that term’s statutory sense, meaning that home which the
Wilkinsons considered to be their main or primary residence.  Our conclusion in this regard is bolstered by
the fact that the Tax Code anticipates circumstances in which the owner of a
residence homestead temporarily lives in another residence, and provides that a
home will not necessarily lose its character as a residence homestead for that
reason.  See Tex. Tax Code Ann.
§ 11.13(l) (Vernon 2008).  A transient stay in a mobile home pending a
move from one primary residence to another does not transform the temporary
residence into a “principal residence.”

          The Wilkinsons argue on appeal, and
the district court concluded as a matter of law, that they were entitled to a
residence-homestead exemption because their ownership of the mobile home on
January 1, 2004 qualified for the exemption under the criteria ordinarily
applied by the District and Board to determine the application of the
exemption.  Those criteria included
occupation of the property as a principal residence on January 1 of the tax
year involved.  As we have explained
above, the Wilkinsons failed to establish that the mobile home was their
principal residence, and accordingly the District and Board did not depart from
their own criteria for the exemption when they denied the Wilkinsons’ request. 

We sustain issue 1.  Because of our
resolution of this issue, we need not reach the as-applied constitutional
challenge to Tax Code section 11.26.




 

Conclusion

          We reverse the
trial court’s judgment and render judgment in favor of the Harris County
Appraisal District and the Harris County Appraisal Review Board.

 

 

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.